UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Phillip and Marlene Davis,

    Plaintiffs,

v.

Countrywide Financial Corp., et al.,

    Defendants,

_____/

Case No. 09-10228

HONORABLE SEAN F. COX
UNITED STATES DISTRICT JUDGE

## OPINION & ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS [Doc. No. 9]

Plaintiffs Phillip and Marlene Davis (collectively, "the Plaintiffs") bring this cause of action against Defendants Countrywide Financial Corporation and Countrywide Home Loans, Inc. a/k/a Countrywide (collectively, "the Defendants") over the Defendants' alleged wrongful foreclosure of their home. The matter is currently before the Court on the Defendants' Motion for Judgment on the Pleadings [Doc. No. 9]. The parties have fully briefed the issues[1], and a hearing was held September 3, 2009. For the reasons below, the Court **GRANT**S the Defendants' Motion [Doc. No. 9].

### BACKGROUND

On May 2, 2003, the Plaintiffs obtained a loan from Quicken Loans, Inc. ("Quicken Loans") in the amount of $159,150.00, which was secured by a mortgage ("the Original

---

[1] Plaintiffs were originally proceeding *pro se* in this action, and personally filed a very short letter in response to the instant motion [Doc. No. 14] on June 5, 2009. Plaintiff's Counsel appeared in this action on July 23, 2009 - almost two months later - but has not sought leave to file a supplemental brief in support of his clients' positions.

1

Mortgage") on their home located at 9128 Nathanline, Redford, Michigan 48239 ("the Real Property"). Quicken Loans then reassigned the Original Mortgage to the Defendants for servicing. About a year later, the Plaintiffs defaulted on the Original Mortgage, and the Defendants began foreclosure proceedings on the Real Property.

On June 29, 2004 - before the Defendants could complete foreclosure proceedings on the Real Property - Mr. Davis filed a Chapter 13 bankruptcy proceeding in the United States Bankruptcy Court for the Eastern District of Michigan [Case No. 04-58347]. However, Mr. Davis defaulted on his Chapter 13 Plan by failing to remit his tax refunds to the Chapter 13 Trustee, and his bankruptcy case was dismissed on December 10, 2007.

On January 11, 2008 - roughly one month after the dismissal of the Chapter 13 Plan - Plaintiffs refinanced the Original Mortgage with an entity known as Security Atlantic, thereby extinguishing the Original Mortgage held by the Defendants. The Plaintiffs obtained a new loan in the amount of $165,886.00, secured by a mortgage on the Real Property ("the Refinance Mortgage"). Coincidentally, on January 30, 2008 Security Atlantic reassigned the Refinance Mortgage to the Defendants - the same entities who previously serviced the Original Mortgage. No evidence exists in this lawsuit that the Plaintiffs are in default on the Refinance Mortgage, or that the Real Property is currently in foreclosure proceedings.

Plaintiffs filed this action on January 21, 2009 [*See* Complaint, Doc. No. 1], alleging the following seven causes of action: 1) violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e *et seq.*; 2) violation of the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*; 3) breach of contract; 4) violation of Michigan's Elliot Larsen Civil Rights Act, M.C.L. § 37.2103 *et seq.*; 5) violation of the Michigan Consumer Protection Act, M.C.L. § 445.901 *et seq.*; 6) wrongful

foreclosure; and 7) a violation of the Truth In Lending Act, 15 U.S.C. § 1601 *et seq*. After filing an Answer [Doc. No. 4] on February 16, 2009, the Defendants filed the instant Motion for Judgment on the Pleadings [Doc. No. 9] on May 1, 2009.

## STANDARD OF REVIEW

In a Motion for Judgment on the Pleadings pursuant to FED. R. CIV. P. 12(c), the burden is on the movant to show that there is no genuine issue as to any material facts and that the movant is entitled to judgment as a matter of law. *Larcon Co. v. Wallingsford*, 136 F.Supp. 602, 604-05 (W.D. Ark. 1955), *judgment aff'd*, 237 F.2d 904 (8th Cir. 1956). When considering a motion for judgment on the pleadings, the court must view the facts within the complaint in the light most favorable to the nonmoving party, *Canon v. City of West Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001), but must generally ignore materials outside the pleadings. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

## ANALYSIS

I. Plaintiffs Have Failed to State a Claim Under the Fair Debt Collection Practices Act.

Count I of Plaintiffs' Complaint alleges a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e *et seq.*, stemming from the Defendants' foreclosure on the Real Property. [Complaint, Doc. No. 1, ¶28]. This claim, however, is barred by the FDCPA's one-year statute of limitations. The FDCPA, in pertinent part, states as follows:

> An action to enforce any liability under this subchapter may be brought in any appropriate United States District Court without regard to the amount in controversy, or in any other court of competent jurisdiction, *within one year from the date on which the violation occurs*.

15 U.S.C. § 1692k(d) (emphasis added). In this case, there is no allegation in Plaintiffs' Complaint that the Refinance Mortgage is in default, or that the Defendants have instituted debt

3

collection proceedings on the Refinance Mortgage. While the Defendants did institute collection and foreclosure proceedings on the Original Mortgage in 2004, those proceedings were stayed by the bankruptcy petition filed by Mr. Davis in June of 2004. Furthermore, the Original Mortgage was satisfied and replaced by the Refinance Mortgage on January 11, 2008. Thus, the Original Mortgage did not even *exist* one year prior to the filing of this lawsuit on January 21, 2009, and any potential FDCPA claims with respect to that mortgage are barred by the FDCPA's statute of limitations.

    II.  <u>Plaintiffs Have Failed to State a Claim Under the Fair Housing Act</u>.

Count II of Plaintiffs' Complaint alleges a violation of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq*., stemming from their allegation that the Defendants "discriminate[d] on the basis of race against African-American individuals including Plaintiffs." [Complaint, Doc. No. 1, ¶30]. The FHA states, in pertinent part:

> It shall be unlawful for any person or other entity whose business includes engaging in real estate-related transactions to discriminate against any person *in making available such a transaction, or in the terms and conditions of such a transaction*, because of race, color, religion, sex, handicap, familial status, or national origin.

42 U.S.C. § 3605(a) (emphasis added). While the FHA allows aggrieved individuals to file a complaint with the Department of Housing and Urban development, *see* 42 U.S.C. § 3610, the FHA also contains a private right of action under 42 U.S.C. § 3613(a)(1)(A). The statute defines "real estate-related transaction" as any of the following:

> (1) *The making or purchasing of loans* or providing other financial assistance -
>     (A) for purchasing, constructing, improving, or maintaining a dwelling; or
>     (B) *secured by residential real estate*.
> (2) The selling, brokering, or appraising of residential property.

42 U.S.C. § 3605(b) (emphasis added).

In the instant case, the Defendants did not transact directly with the Plaintiffs for *either* the Original Mortgage or the Refinance Mortgage. Rather, those transactions were engaged in by Quicken Loans and Security Atlantic. As such, the Defendants have not "ma[de]. . . loans. . . secured by real estate" with the Plaintiffs in this action, and dismissal of Plaintiffs' FHA cause of action is therefore proper.

### III. Plaintiffs Have Failed to State a Claim For Breach of Contract.

Count III of Plaintiffs' Complaint alleges a cause of action for breach of contract, stemming from their allegation that Plaintiffs "had a contract with Defendants," and that "said contract was breached by Defendants. . . ." [Complaint, Doc. No. 1, ¶¶ 37, 38]. In support of that allegation, Plaintiffs reference their Exhibit M, which is a copy of the 2003 Original Mortgage. However, in Exhibit Q to Plaintiff's Complaint, the Plaintiffs admit that they breached the Original Mortgage by falling behind on his payments. "After one year, I got behind in my payments because I was unable to pay my other bills which resulted in me having to file a Chapter 13 in order to keep my house." [Undated Letter from Philip Davis, Pl.'s Ex. Q to Complaint, Doc. No. 1, pp.1-2].

To state a claim for breach of contract under Michigan law, a plaintiff must allege 1) the existence of a valid and enforceable contract; 2) a breach of that contract by the Defendants; and 3) damages resulting from the Defendants' breach. *See, e.g., McInerney v. Detroit Trust Co.*, 279 Mich. 42 (1937). In this case, the Plaintiffs have failed to allege a valid breach of the Original Mortgage by the Defendants; rather, the Defendants' actions in instituting foreclosure were merely remedies afforded to the Defendants in light of the Plaintiff's admitted breach. As such, dismissal of Plaintiffs' breach of contract claim in Count III is proper.

IV. <u>Plaintiffs Have Failed to State a Claim Under the Elliot Larsen Civil Right Act</u>.

Count IV of Plaintiffs' Complaint alleges a violation of the Elliot Larsen Civil Rights Act ("ELCRA"), M.C.L. § 37.2103 *et seq.*, stemming from their allegation that the Defendants engaged in "differential treatment in the actions taken against the Plaintiffs" based upon their race. [Complaint, Doc. No. 1, ¶50]. While Plaintiffs' Complaint does not precisely specify what actions of the Defendants are being challenged in this cause of action, Plaintiffs allege that they "were forced to file a Chapter 13 bankruptcy as a result." *Id.* at 55. As such, Plaintiffs are claiming they were discriminated against due to their race in connection with the 2003 Original Mortagage; no specific allegations are made with respect to the Refinance Mortgage.

Michigan's ELCRA has a three-year statute of limitations for bringing claims of this type. *See* M.C.L. § 600.5805(10). As Plaintiffs allege that the Defendants' actions giving rise to the instant ELCRA claim left the Plaintiffs with no choice but to file for bankruptcy protection, the Defendants' conduct inductively must have occurred before the filing of Mr. Davis's Chapter 13 petition on June 29, 2004. As such, Plaintiffs' complaint in this action - filed January 21, 2009 - is well beyond the ELCRA's three-year statute of limitations, and dismissal of Plaintiffs' ELCRA claim in Count IV is proper.

V. <u>Plaintiffs Have Failed to State a Claim Under the Michigan Consumer Protection Act</u>.

Count V of Plaintiffs' Complaint alleges a violation of the Michigan Consumer Protection Act ("MCPA"), M.C.L. § 445.901 *et seq.*, stemming from their allegation that the Defendants engaged in "intentional and outrageous conduct here. . . ." [Complaint, Doc. No. 1, ¶58]. The MCPA, however, does not apply to the transactions engaged in by the Defendants in this action. Specifically, the MCPA explicitly states that it does not apply to "a transaction or

conduct specifically authorized under laws administered by a regulatory board or officer acting under statutory authority of this state or the United States." M.C.L. § 445.904(1)(a).

In *Mills v. Equicredit Cor.*, 294 F.Supp.2d 903 (E.D.Mich. 2003), this Court dismissed an analogous action filed against a mortgage company due to the defendant being regulated under the Michigan Mortgage Brokers, Lenders and Servicers Act ("MMBLSA"), M.C.L. § 445.1561 *et seq*. The Court held as follows:

> Because these loans transactions were generally authorized under the laws administered by the Commissioner of the Officer of Financial Services and Insurance, the Court holds that the subject transactions were exempt from the Michigan Consumer Protection Act.

*Mills*, 294 F.Supp.2d at 910. Like the mortgage company in *Mills*, the Defendants in this action are likewise regulated under the MMBLSA, and dismissal of Plaintiffs' MCPA claim in Count V is proper.

VI. Plaintiffs Have Failed to State a Claim For Wrongful Foreclosure.

Count VI of Plaintiffs' Complaint alleges a cause of action for wrongful foreclosure. However, as this Court has previously recognized, "Michigan law does not recognize a separate cause of action for wrongful foreclosure." *Greene v. Citimortgage, Inc.*, 2009 W.L. 1506722, *1 (E.D.Mich. May 27, 2009) (internal quotations omitted). Further, even if such a cause of action existed under Michigan law, Plaintiffs' Complaint only alleges that the Defendants "did attempt to put Plaintiffs into foreclosure." [Compliant, Doc. No. 1, ¶64]. No foreclosure was ever completed by the Defendants; rather, the Original Mortgage was superseded by the Refinance Mortgage, and the Refinance Mortgage is neither in default nor has foreclosure been attempted pursuant to its terms. As such, dismissal of Plaintiff's "wrongful foreclosure" claim in Count VI is proper.

VII. <u>Plaintiffs Have Failed to State a Claim Under the Truth In Lending Act</u>.

Count VII of Plaintiff's Complaint alleges a violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, stemming from their allegation that they were "not apprised of the actual terms of the loan/mortgage, nor were they informed with regard to excess charges in advance." [Complaint, Doc. No. 1, ¶64].

To the extent that Plaintiffs' Complaint refers to TILA violations with respect to the Original Mortgage from 2003, those claims are barred by TILA's one-year statute of limitations for damages, 15 U.S.C. § 1640, and TILA's three-year statute of limitations for rescission, 15 U.S.C. § 1635(f), as the loan was closed in 2003.

Further, with respect to the Refinance Mortgage, Plaintiff's Complaint only seeks damages for the Defendants' alleged TILA violations. As such, Plaintiffs claims are also barred by TILA's one-year statute of limitations for damages under 15 U.S.C. § 1640, as the Refinance Mortgage was closed on January 11, 2008 and this action was not brought until January 21, 2009.

Finally, to the extent that Plaintiffs claim that they were not provided with the material terms of either the Original Mortgage or the Refinance Mortgage before they were entered into, a TILA cause of action against the Defendants in this action is not proper. The Defendants did not themselves enter into either of these transactions; rather, those transactions were entered into by Quicken Loans and Security Atlantic, respectively. As such, dismissal of Plaintiffs' TILA cause of action in Count VII is proper.

CONCLUSION

For the reasons stated above, the Court **GRANTS** the Defendants' Motion for Judgment

on the Pleadings [Doc. No. 9], and **DISMISSES** this case in its entirety.

**IT IS SO ORDERED**.

<div style="margin-left:3em">
S/Sean F. Cox<br>
Sean F. Cox<br>
United States District Judge
</div>

Dated: September 9, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 9, 2009, by electronic and/or ordinary mail.

<div style="margin-left:3em">
S/Jennifer Hernandez<br>
Case Manager
</div>